TERRANCE JAIXEN, APPELLEE, v. DON C. TURNER, DOING BUSINESS AS TURNER INSURANCE AGENCY, APPELLEE, IMPLEADED WITH IOWA MUTUAL INSURANCE COMPANY, A CORPORATION, APPELLANT.

281 N. W. 2d 404

Filed July 17, 1979. No. 42401.

Hunter, Houlihan & Katz, for appellant.

John J. Higgins and Nanfito & Nanfito, for appellee Jaixen.

Heard before KRIVOSHA, C. J., BRODKEY, WHITE, and HASTINGS, JJ., and MORAN, District Judge.

MORAN, District Judge.

This is an appeal by defendant, Iowa Mutual Insurance Company, from a consent judgment in favor of plaintiff, Terrance Jaixen, for the amount prayed for in his petition, plus prejudgment interest, costs, and attorney's fees. We reverse.

Jaixen sued Iowa Mutual and Don C. Turner, its agent, to recover on a policy of fire insurance issued by Iowa Mutual through Turner. The petition claimed an insured loss of $8,119.25 and prayed for judgment for that amount plus interest from July 9, 1977, (the date of the loss), attorney's fees pursuant to section 44-359, R. R. S. 1943, and costs. After the issues were framed and discovery was completed, the case was set for trial. Before the trial Jaixen moved for summary judgment on the issue of liability. The motion was submitted and taken under advisement. Prior to a ruling, Iowa Mutual filed an offer to confess judgment for $8,119.25 and costs pursuant to section 25-901, R. R. S. 1943. The following day Jaixen filed his acceptance of Iowa Mutual's offer, "pursuant to Section 25-901 R. R. S. Neb., 1943, et. seq." On September 25, 1978, after receiving in evidence the offer and acceptance and evidence on the value of attorney's services, the trial court entered judgment against Iowa Mutual for $8,119.25 plus prejudgment interest of $568.31, and costs. Finding that Jaixen had recovered judgment for more than the amount of Iowa Mutual's offer of judgment, the court awarded his attorney a fee of $3,000 citing as authority section 44-359, R. R. S. 1943.

We agree with Iowa Mutual's contention that the court erred in including prejudgment interest in its judgment and in awarding the attorney's fees.

This case comes squarely within the language of section 25-901, R. R. S. 1943. It requires that the judgment be entered according to the offer and acceptance.

Jaixen contends that his was a liquidated claim,

and that he was entitled to interest from the date of the loss. If the case had proceeded to a verdict that may have been so. But it did not. Having accepted Iowa Mutual's offer, he was not entitled to more, and the trial court was bound to enter judgment according to the agreement. Therefore, plaintiff was not entitled to an attorney's fee under the proviso in section 44-359, R. R. S. 1943.

Wendt v. Cavalier Ins. Corp., 197 Neb. 622, 250 N. W. 2d 243 (1977), is cited by Jaixen as authority for his position, but it is not. The offer and acceptance in that case did include prejudgment interest, and judgment was entered accordingly. This court held that Wendt was not entitled to attorney's fees under section 44-359, R. R. S. 1943. In this case Jaixen may not rely upon the entry of an erroneous judgment to entitle him to attorney's fees.

Jaixen also asserts that Iowa Mutual's offer to pay the amount demanded in his petition was not a compromise offer within the meaning of section 25-901, R. R. S. 1943, but was a voluntary acknowledgment of an indebtedness arising by the insurance contract. The answer is that however characterized, the offer and acceptance were explicitly referenced to section 25-901, R. R. S. 1943, and obligated the trial court to enter judgment accordingly.

The case is reversed and remanded with directions to enter a judgment for Jaixen for $8,119.25 (effective September 25, 1978) and costs in the District Court. Costs in this court are taxed to Jaixen.

REVERSED.