Argued and submitted October 19, 1983, decree affirmed;
order vacated February 8, 1984

In the Matter of the Marriage of

HULSEY,
*Respondent,*
*and*

HULSEY,
*Appellant.*

(47429; CA A27834)

675 P2d 1131

J. W. Walton, Corvallis, argued the cause for appellant. With him on the brief were Robert G. Ringo, and Ringo, Walton & Eves, P.C., Corvallis.

Richard D. Beeson, Newport, argued the cause for respondent. With him on the brief was Minor, Yeck & Beeson, P.C., Newport.

Before Joseph, Chief Judge, and Warden and Young, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Husband appeals from a dissolution decree, contending that the trial court failed to make an equitable distribution of the parties' real and personal property and erred in awarding wife spousal support and attorney fees.

The parties were married for 30 years. At the time of the hearing, husband was 65 years old and wife was 49. There are no minor children. The decree ordered husband to pay wife $200 a month spousal support for three years. The court also awarded wife a $2,000 judgment and gave husband the family residence, subject to a $30,500 judgment lien in favor of wife with interest at a rate of 9 percent per annum. The lien is to be paid in three years or on the sale of the house, whichever occurs first. The decree also awarded wife attorney fees, the amount to be determined at a subsequent date by order of the court. On April 5, 1983, husband filed his notice of appeal. On April 8, 1983, the trial court issued an order awarding wife fees of $1,820.

Husband argues that the trial court's property division is inequitable, primarily because of the relative ages of the parties. He contends that at age 65 his ability to earn a living is more limited than that of his wife, who holds a steady job at a grocery store and makes $15,000 a year. Husband indicates that, because of his age, he might soon retire from his $22,000 a year job as a heavy equipment operator. In that event, his retirement income would consist only of social security and an IRA account of approximately $6,000 (after satisfaction of wife's $2,000 judgment).

The general rule regarding property divisions in long term marriages, such as this one, is to divide the assets accumulated during the marriage equally. *Jenks and Jenks,* 55 Or App 824, 828, 640 P2d 1032 (1982), *modified* 294 Or 236, 656 P2d 286 (1982). The trial court appears to have sought that objective in making the property division. We find no reason to disturb the trial court's decision. The $2,000 judgment awarded to the wife made an equal division of the parties' cash assets.[1] The $30,500 lien on the family residence represents her share of the equity in the house. The parties

---

[1] Wife has $3,145 in savings. Husband has $8,000 in the IRA account.

believe that the house is worth between $75,000 and $95,000. Approximately $18,000 remains to be paid on it. If the house were to be sold for $79,000, net after fees and closing costs, each party's equity would be $30,500. Given the parties' valuation of the house, that is an equitable division. Husband argues that, in the light of a depressed real estate market, a sale of the residence in three years and a split of the actual net proceeds would be more equitable, because it would not place the risk of a sale for less than $79,000 net solely on him. We conclude that that is not demonstrably a superior alternative.

■　　　We also find no reason to disturb the trial court's $200 a month temporary spousal support award. Although husband speculates that he may retire in the coming year, we decline to engage in that speculation. If in fact husband does retire, he may seek a modification of the decree at that time.

■　　　The parties conceded at oral argument that the award of attorneys fees, costs and disbursements is void because it was granted by an order issued after husband's notice of appeal was filed. *Former* ORS 19.033(1).[2] That order is vacated.

The decree of dissolution is affirmed; the order awarding attorney fees, costs and disbursements is vacated. No costs to either party.

---

[2] ORS 19.033(1) has been amended (Or Laws 1983, ch 673, § 22) and, effective January 1, 1984, an award of attorneys fees, costs and disbursements after a notice of appeal is filed is permissible.