LAWRENCE J. GAUGHEN ET AL., APPELLANTS, V. EDWARD F. SLOUP ET AL., APPELLEES.

250 N. W. 2d 915

Filed March 2, 1977. No. 40735.

William G. Line of Kerrigan, Line, Martin & Hanson, for appellants.

Larry E. Welch of McGroarty, Welch & Langdon, and George Svoboda, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

This is an action against the mayor and council of the City of North Bend, Nebraska, to enjoin the paving of certain streets and the assessment of plaintiffs' property for the paving. The District Court found in favor of the defendants mayor and council and dismissed plaintiffs' petition.

Plaintiffs own property in North Bend, Nebraska, a city of the second class. Prior to 1963, paving districts in such cities could only be created under the provisions of sections 17-509 through 17-512, R. R. S. 1943. Under those sections the council, acting by itself, could not create a paving district over the objections of abutting property owners except where the work was to be done upon a federal or state highway in the city or upon a main thoroughfare that connected with a federal or state highway.

In 1963, the Legislature enacted sections 18-2001 to 18-2003, R. R. S. 1943. Section 18-2001 now provides: "Any city or village may, without petition or creating a street improvement district, grade, curb, gutter and pave any portion of a street otherwise paved so as to make one continuous paved street, but the portion to be so improved shall not exceed two blocks including intersections or thirteen hundred and twenty-five feet whichever is the lesser, and such city or village may also grade, curb, gutter and pave any unpaved street or alley which intersects a paved street for a distance of not to exceed one block on either side of such paved street." Section 18-2002 now similarly authorizes the paving of "any side street or alley within its corporate limits connecting with a major traffic street for a distance not to exceed one block from such major traffic street." Section 18-2004, enacted in 1965, provides that nothing in sections 18-2001 to 18-2004 shall be construed to repeal or amend any statutes not specifically repealed, and provides that sections 18-2001 to 18-2004 shall be construed as an independent and complete act. That section also provides that other statutes may be relied upon if need be to supplement and effectuate the purposes of the act. These statutes in Chapter 18 are frequently referred to as the "Gap and Extend Law."

In 1966, the City of North Bend began to use sections 18-2001 to 18-2004 to pave various gaps and extensions in existing paving. In 1969, the city filed a road and street program with the State of Nebraska which was a plan for paving the entire city using both Chapter 17 and Chapter 18 statutes. In 1969, several small sections were paved under Chapter 17 statutes. In 1970, approximately 12 blocks were paved using Chapter 17 statutes, and 13 blocks were paved using Chapter 18 statutes. Additional paving was constructed using both Chapter 17 and Chapter 18 statutes in the years 1971 to 1974.

Some of plaintiffs' property was assessed for paving

projects carried out under Chapter 18 statutes in 1970 and 1971, and these assessments were paid. The 1974 paving in dispute in this case is in two separate paving units. Unit No. 64 consists of 1 block of paving connected to previously existing paving. Paving Unit No. 76 consists of 2 blocks of paving which extends existing paving.

At a council meeting on July 15, 1974, the plaintiffs requested the defendants to defer executing a paving contract because they were contemplating litigation. The paving contract was executed by the mayor on behalf of the City of North Bend on July 29, 1974, and this suit was filed July 30, 1974. After the paving was completed, the mayor and council, after due notice and hearing, assessed plaintiffs' property specially benefited by the paving. Plaintiffs objected to the assessment on the basis that the matter was then in litigation. Plaintiffs have not paid the assessments.

The plaintiffs concede that the city complied with all specific requirements of the statutes with respect to the paving units involved here. The plaintiffs contend that the provisions of Chapter 18 were unconstitutionally applied to them in that the Legislature did not intend the law to be used to pave an entire city and thus eliminate the taxpayers' rights to object which are protected under the provisions of Chapter 17. The evidence does not support that contention. The evidence establishes that well over half of all the paving in North Bend to and including 1974 was done under the paving district statutes of Chapter 17. The remaining paving was done under the provisions of Chapter 18 from 1966 through 1974.

Plaintiffs argue that the power and authority of a city to construct local improvements and levy assessments for payment thereof must be strictly construed, and that any reasonable doubt must be resolved in favor of the taxpayer. That rule has no application here. The argument assumes that the language of sections

18-2001 through 18-2004, R. R. S. 1943, is ambiguous and must, therefore, be interpreted.

A statute is not to be read as if open to construction as a matter of course. Where the words of a statute are plain, direct, and unambiguous, no interpretation is needed to ascertain the meaning. It is not within the province of a court to read a meaning into a statute that is not warranted by the legislative language. Neither is it within the province of a court to read anything plain, direct, and unambiguous out of a statute. Bachus v. Swanson, 179 Neb. 1, 136 N. W. 2d 189; Doolittle v. County of Lincoln, 191 Neb. 159, 214 N. W. 2d 248. The provisions of the gap and extend law are clear and unambiguous.

The Legislature specifically provided that the gap and extend law was not to be construed to repeal or amend any statutes it did not specifically repeal, and that it was to be construed as an independent and complete act. Section 18-2004, R. R. S. 1943, also provided that other statutes might be relied upon if need be to supplement and effectuate the purposes of the gap and extend law. Under such circumstances it is clear that the Legislature intended to supplement previously existing authority to pave streets and did not intend to limit the application of the gap and extend law in some unspecified manner. All the specific requirements of the law were complied with in this case. The judgment of the District Court was correct.

AFFIRMED.