KATHY L. BISHOP, APPELLEE, V. BOCKOVEN, INC., A CORPO-
RATION, APPELLEE, IMPLEADED WITH METROPOLITAN
PROTECTION SERVICE, INC., A CORPORATION, APPELLANT.

260 N. W. 2d 488

Filed December 21, 1977.   No. 41186.

Terry K. Barber of Johnston, Grossman, Johnston & Barber, for appellant.

Hal Anderson of Friedman & Berry, for appellee Bishop.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

McCOWN, J.

This action for false arrest was brought in the county court of Lancaster County, Nebraska, by the plaintiff, Kathy L. Bishop, against two corporate defendants, Bockoven, Inc., the owner of the supermarket, and Metropolitan Protection Service, Inc.,

which was engaged in the business of providing security services. After trial to the court sitting without a jury, the county court dismissed the action as to defendant Bockoven and entered judgment in favor of plaintiff and against defendant Metropolitan Protection Service, Inc., for $1,000 and costs. Metropolitan appealed to the District Court for Lancaster County which affirmed the judgment of the county court. Metropolitan has now appealed to this court.

The defendant Bockoven owns and operates a supermarket in Lincoln, Nebraska. For some time prior to 1974 Bockoven had contracted with defendant Metropolitan Protection Service, Inc., to provide security services for the Bockoven store in connection with the control of shoplifting. Metropolitan was an independent contractor which employed all security guards assigned to the Bockoven supermarket.

On January 19, 1974, the plaintiff was shopping in the supermarket. She was accompanied by her sister and three small children. They were in the store approximately 10 to 15 minutes. They stopped at the hosiery display rack at the rear of the store and spent approximately 5 minutes making their selections of hosiery. Plaintiff selected two pairs of stockings and her sister one pair. They testified they did not open any of the hosiery packages. They then put the hosiery in a cart with their other purchases and proceeded to the checkout stand where they paid for their purchases separately. The plaintiff and her sister then left the store. Immediately outside the door they were approached by a Metropolitan security guard who displayed his badge and requested that they accompany him back into the store.

The security guard testified that through a one-way mirror in the rear of the store he observed the plaintiff open one package of hose, remove the hose from that package and add them to another pack-

age, and then put the single package with the two pairs of hose in her shopping cart. The guard then informed the store manager that he had seen the plaintiff "double packaging" the hose. The manager advised the Metropolitan security guard to stop the plaintiff when she was outside the store.

When the guard requested plaintiff and her sister to return to the store they accompanied him to the manager's office. The guard told the manager that the plaintiff was the person he had observed, and the manager asked to inspect plaintiff's packages. The plaintiff consented and the manager checked her purchases and found two hosiery packages, each containing one pair of hose, which the plaintiff had paid for. The manager apologized, explained that a mistake had been made, and that plaintiff and her sister were free to leave. This action was subsequently commenced.

After trial the county court dismissed plaintiff's action as to Bockoven and entered judgment against Metropolitan without any specific findings of fact or law. On appeal, the District Court specifically found that neither Metropolitan nor its employee was "a peace officer, a merchant, or a merchant's employee" under section 29-402.01, R. R. S. 1943, and Metropolitan was not entitled to the benefits of restricted liability for false arrest or unlawful detention provided for by that statute. The District Court then affirmed the county court judgment.

Section 29-402.01, R. R. S. 1943, provides: "A peace officer, a merchant, or a merchant's employee who has probable cause for believing that goods held for sale by the merchant have been unlawfully taken by a person and that he can recover them by taking the person into custody may, for the purpose of attempting to effect such recovery, take the person into custody and detain him in a reasonable manner for a reasonable length of time. Such taking into custody and detention by a peace officer,

merchant, or merchant's employee shall not render such peace officer, merchant, or merchant's employee criminally or civilly liable for slander, libel, false arrest, false imprisonment, or unlawful detention.''

Metropolitan contends that it and its employee, the security guard, were agents of a merchant and, therefore, entitled to the benefits of the statute.

At common law, in the absence of a statute, a private citizen, unlike an officer, is privileged to make an arrest only when a crime has, in fact, been committed, and must take the risk that a crime has not been committed. See Prosser, Torts (4th Ed.), § 26, p. 131.

Statutes such as section 29-402.01, R. R. S. 1943, granting a privilege to arrest, or an immunity from liability for an arrest, are ordinarily based on the principle that the beneficiary of the statutory privilege has acted to further an interest of such social importance that it is entitled to protection, even at the expense of damage to the individual arrested. The privileged person is allowed freedom of action because his own interest or those of the public require it and social policy will best be served by permitting. it. Prosser, Torts (4th Ed.), § 17, p. 99.

In one connotation, section 29-402.01, R. R. S. 1943, creates a privilege to arrest or detain, and in another sense it takes away a common law right to be free from arrest or detention, when no crime has been committed. Statutes which effect a change in the common law or take away a common law right should be strictly construed and a construction which restricts or removes a common law right should not be adopted unless the plain words of the act compel it. See, Bank of Commerce & Savings v. Randell, 107 Neb. 332, 186 N. W. 70; Nielsen v. Chicago, B. & Q. R. R. Co., 141 Neb. 584, 4 N. W. 2d 569.

Section 29-402.01, R. R. S. 1943, in one comparatively short paragraph grants its benefits to ''a

peace officer, a merchant, or a merchant's employee" and uses that exact specification three separate times. Similar privilege statutes have been upheld which specifically included "agents" along with merchants and merchants' employees. See, Draeger v. Grand Central, Inc., 504 F. 2d 142 (10th Cir., 1974); F. B. C. Stores, Inc. v. Duncan, 214 Va. 246, 198 S. E. 2d 595 (1973).

If the Legislature desired to broaden the classification of persons entitled to the privilege, it could have done so. The evidence here, however, is undisputed that the security guard was not a peace officer, a merchant, or a merchant's employee. The defendant, in effect, suggests that we add the words "or agent" to the language of the statute.

A statute is not to be read as if open to construction as a matter of course. Where the words of a statute are plain, direct, and unambiguous, no interpretation is needed to ascertain the meaning. It is not within the province of a court to read a meaning into a statute that is not warranted by the legislative language. Gaughen v. Sloup, 197 Neb. 762, 250 N. W. 2d 915; Wendt v. Cavalier Ins. Corp., 197 Neb. 622, 250 N. W. 2d 243. Under section 29-402.01, R. R. S. 1943, the words "a merchant's employee" do not include a merchant's agent who is not an employee. The District Court was correct in its determination that neither Metropolitan nor its security guard employee was "a peace officer, a merchant, or a merchant's employee" within the meaning of section 29-402.01, R. R. S. 1943.

The defendant also contends that the award of $1,000 is speculative, conjectural, and excessive. There is evidence of embarrassment and mental anguish in this case, and there is no accurate method or formula by which such damage can be measured and determined. In awarding damages for physical discomfort and mental anguish, the fact finder must rely on the totality of the circumstances

surrounding the incident, the credibility of the evidence and witnesses, and the weight to be given to all these factors rests in the sound discretion of the fact finder. This court is reluctant to interfere with the verdict of the fact finder where the law provides no accurate measurement. See Huskinson v. Vanderheiden, 197 Neb. 739, 251 N. W. 2d 144.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.