REQUESTED BY: Sam Grimminger, Hall County Attorney, Grand Island, Nebraska.
Is the county board obligated under sections 43-205.06
and 43-205.07, R.S.Supp., 1976, to pay expenses for court appointed counsel arising from a case transferred to the juvenile docket involving a violation of city ordinances, and prosecuted by the city attorney's office?
Yes, the county is obligated to pay such expenses and fees.
You asked for our opinion as to whether or not a county board is obligated under sections 43-205.06 and 43-205.07, R.S.Supp., 1976, to pay expenses for court appointed counsel arising from a case transferred to the juvenile docket involving a violation of city ordinances and prosecuted by the city attorney's office.
Section 43-205.06, R.S.Supp., 1976, clearly states that when a minor under eighteen shall be brought without counsel before a juvenile court and the judge ascertains that none of such persons are able to afford an attorney, the judge shall forthwith appoint an attorney to represent such minor for all proceedings before the judge in juvenile court.
It should be noted that the above mentioned statute is mandatory to the extent that it states the `judge shall forthwith appoint an attorney.'
Further, section 43-205.07, R.S.Supp., 1976, states in part as follows:
 ". . . The county board of the county wherein the proceedings were had shall allow the account, bill or claim presented by any attorney . . . for services performed under section 43-205.06 in the amount determined by the court. . . .' (Emphasis added.)
We note that the latter section mandates payment to any attorney for services under the cited section. There is no condition, exception or qualification waiving the county board's duty to pay where the case was transferred to the juvenile court following an alleged violation of a city ordinance and prosecution by the city attorney's office.
In construing statute, an exception not made by the Legislature cannot be read into it. Siren v. State,78 Neb. 778, 11 N.W. 798; Gaughen v. Sloup, 197 Neb. 762,250 N.W.2d 915; and Pelzer v. City of Bellevue, 198 Neb. 19,251 N.W.2d 662. The language of the above statute clearly states the county board shall allow a claim for such legal services. It makes no exception.
It is therefore the opinion of this office that since there is no indication in the statutes of any contrary intent, the county board does have the duty to pay the fees for court appointed attorneys in juvenile court even though the case involved violation of a city ordinance.