REQUESTED BY: Ron Lahners, Lancaster County Attorney.
Whether businesses such as skating rinks and health spas with indoor tracks can be prosecuted pursuant to 20-129, R.R.S. 1943, for prohibiting blind patrons from using their facilities when such patrons must use a cane to guide their travel?
No.
Nebraska statutes sections 20-126 through 20-129, R.R.S. 1943, generally prohibit discrimination against blind persons in all public places imposing a criminal, penalty on any person who interferes with a blind persons right to use and enjoy public places. Section 20-127, R.R.S. 1943, delineates the rights of blind persons, reading in pertinent part as follows:
 "(1) The blind, . . . shall have the same right as the able bodied to the full and free use of . . . public places.
 "(2) The blind, . . . shall be entitled to full and equal accommodations, . . . and privileges [in all] . . . places to which the general public is invited, subject only to the conditions and limitations established by law and applicable alike to all persons."
A reading of these statutory sections and the legislative history of LB 496 of the Eighty-Second Legislative First Term indicate this was a bill to deal with discrimination which blind persons face as a result of their condition and need to use canes or guide dogs in the use or obtaining of housing, transportation, restaurants, and rest rooms.
Neither the statute nor its legislative history clearly indicates its intent to prohibit skating rink and track operators from imposing reasonable conditions upon the use of their facilities for the safety of their patrons. We could not find any cases in this jurisdiction or others which address this issue. It does appear, however, that the Legislature in 20-127(2), did recognize that conditions can be imposed upon the admission into public places:
 ". . . subject only to the conditions and limitations established by law and applicable alike to all persons."
Under the common law, an owner of property has the power to establish rules and conditions upon those who enter his place of business.
 "The proprietor of a place of public amusement may, in the control of his business, fix the terms of admission thereto in any reasonable way he chooses, or he may impose such reasonable conditions . . . as he deems will best serve the interests of his business, and those of his patrons." 4 Am.Jur.2d 127.
Of course, these limitations must be in accordance with the law and apply alike to all persons. Messenger v. State,25 Neb. 674, 41 N.W. 638 (1889). The proprietor of a place of entertainment also owes a duty of care to all patrons to protect them from injury. Welsh v. Jefferson County AgriculturalSociety, 121 Neb. 166, 236 N.W.2d 331 (1931). Proprietor must exercise reasonable care to protect his other patrons from harm and himself from liability.
It is fundamental law in this state that a penal statute is required to be strictly construed. State v. Robinson,202 Neb. 210, 274 N.W.2d 553 (1979). A penal statute should be given a sensible construction and general terms therein should be limited in their construction and application so as not to lead to injustice, oppression, or an absurd consequence. State v. Robinson, supra. Statutes which effect a change in the common law or take away a common law right should be strictly construed and a construction which restricts or removes a common law right should not be adopted unless the plain words of the act compel it. Bishop v. Bockoven, Inc.,199 Neb. 613, 260 N.W.2d 488 (1977). In light of the proprietor's right to place reasonable conditions upon the persons entering his amusement facility, and his duty to exercise reasonable care for the protection of his patrons, a rule which applies to all patrons prohibiting the use of dangerous devices upon his premises seems reasonable. It is our conclusion that a business proprietor pursuant to 20-127(2), R.R.S. 1943, may impose reasonable conditions and limitations such as those discussed in this opinion if they are applicable alike to all persons. Prosecution for imposition of such reasonable limitations would not be appropriate.