REQUESTED BY: Senator Chris Beutler Nebraska State Legislature 1105 State Capitol Lincoln, Nebraska 68509
Dear Senator Beutler:
You have asked a number of questions concerning LB 229 which is presently on general file. You state this information will assist you in determining your future efforts with regard to this bill.
You first ask if § 29-402.01 (Reissue 1979) makes offenses against libraries criminal offenses and adequately addresses the concerns set forth in Sections 2 through 6 of the bill.
Section 29-402.01 (Reissue 1979) gives immunity to merchants and merchants' employees who have probable cause to believe that goods held for sale have been unlawfully taken by a person and causes such person to be taken into custody. This section does not adequately address libraries or library employees.
In the case of Bishop v. Bockoven, Inc., 199 Neb. 613, the Supreme Court of Nebraska held that the term `a merchant's employee' did not include a merchant's `agent' (in this case a contractual security service). The court held that this statute must be strictly construed. Therefore, it is doubtful that it would apply to a library. However, Section 6 of LB 229 provides a similar protection to a library, its agent or employee. The passage of this provision would remove all doubt.
You next ask whether present provisions of the criminal code such as §§ 28-511, 28-513, 28-514 and 28-519 which define the general criminal offenses of, respectively, theft by unlawful taking, theft by deception, theft by mistake, and criminal mischief, adequately address the library's concerns as outlined in LB 229.
Sections 2, 3, and 4 of LB 229 provide specific criminal provisions relating to libraries. These provisions provide that such violations shall be infractions under §§ 29-431
to 29-438 (Reissue 1979). Infractions are defined under § 29-431 as a violation of any law, ordinance, order, rule, or regulation, except traffic offenses, which is not otherwise declared to be a misdemeanor or a felony. Penalties for infractions are provided by § 29-436 (Reissue 1979) and provide for a fine of not more than $100 for the first offense with higher fine limits for subsequent offenses, but no provision for jail or imprisonment. In addition, § 29-437
(Reissue 1979) takes away the right of trial by jury for persons charged with infractions.
The crimes defined in Chapter 28, Article 5 mentioned above generally cover the same types of acts made criminal by LB 229; however, the Chapter 28, Article 5 crimes are either felonies or misdemeanors, with right of trial by jury, whereas the LB 229 crimes are infractions. Therefore, you may wish to consider whether it would be more likely to obtain enforcement, prosecution and a conviction under the infraction statutes, especially when the amount involved is very small, as opposed to securing a prosecution and conviction under the misdemeanor or felony statutes.
You next ask if Section 7 of LB 229, which provides for the court ordering restitution of property to a library in kind or value, when a person is convicted under Sections 2 to 5 of the act, will cause any problems. This section is in effect a part of the penalty for violations of Sections 2 to 5. It should cause no trouble insofar as standard of proof or other procedural matters are concerned, since it is criminal penalty. However, it conflicts with the limits for penalties for infractions in § 29-436, discussed earlier. You may wish to change either Section 7 of LB 229 or § 29-436 to achieve the result you seek.
Your concern that a judgment may be entered in favor of a library for less than the full value because a library is not represented at the hearing to offer evidence is a possibility. Such a judgment would probably not bar the library from seeking the balance due, but may make it impractical. We would suggest that a provision be added requiring notice to the library in question to present evidence at the sentencing hearing when the court contemplates restitution.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Mel Kammerlohr Assistant Attorney General