RICHARD J. MAHLIN AND CYNTHIA S. MAHLIN, APPELLANTS, V.
CAROLINE GOC, APPELLEE.

547 N.W.2d 129

Filed May 3, 1996. Nos. S-94-515, S-94-516, S-94-517.

Richard K. Watts, of Mills, Papik & Watts, and, on brief, D. Steven Leininger, of Luebs, Leininger, Smith, Busick & Johnson, for appellants.

Joseph F. Bachmann, of Perry, Guthery, Haase & Gessford, P.C., for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

CONNOLLY, J.

This appeal presents the question of whether the operation of common–law joint tenancy upon the death of one joint tenant operates as a "transfer" under the Uniform Fraudulent Transfer Act, as adopted in Nebraska and codified at Neb. Rev. Stat. §§ 36–701 through 36–712 (Reissue 1993). We conclude that on the facts of this appeal, it does not, and thus, we affirm.

## FACTUAL BACKGROUND

On July 1, 1993, Richard J. Mahlin and Cynthia S. Mahlin, who are both attorneys, filed on behalf of their clients a petition praying for replevin of certain thoroughbred racing horses, as well as a number of items of racing business equipment and

horse tack items which were allegedly being wrongfully detained by Jerome Goc. In addition, the petition asked for $100,000 in damages, representing lost racing and breeding income which resulted from the wrongful detention of the property.

On July 26, 1993, the Mahlins entered onto property owned by Jerome and Caroline Goc to conduct business related to the replevin litigation. While the Mahlins were on the property, Jerome Goc shot Richard Mahlin in the face, chest, arm, and upper body with a 12 gauge shotgun. Jerome Goc shot Cynthia Mahlin in the face with the shotgun and kicked her in the head and body with his foot as she lay on the ground after being shot.

Jerome Goc died soon after being struck by a vehicle driven by Richard Mahlin, who was apparently trying to escape. The Mahlins now seek to avoid the "transfer" of Jerome Goc's interest in a number of parcels of land formerly held in joint tenancy by Jerome and Caroline Goc. The Mahlins allege that the vesting of Jerome Goc's one–half interest in the joint tenancy property in Caroline Goc upon his death was a "transfer" for purposes of the Uniform Fraudulent Transfer Act.

The Gocs owned parcels of real estate in three counties: Hall, Hamilton, and Merrick. Of the parcels located in Hamilton County, one was acquired in 1968, two in 1972, and one in 1989. The plots located in Hall County were both acquired in 1982. The plots situated in Merrick County were acquired in 1989 and 1990. All of the plots were held in joint tenancy from the time they were acquired until the time of Jerome Goc's death. The Mahlins filed identical but separate actions in the district court for each county in which real property was located, seeking to avoid the transfer of Jerome Goc's one–half interest in the parcels to Caroline Goc. On November 8, 1993, the parties jointly stipulated that the cases should be consolidated in the district court for Hamilton County.

Caroline Goc moved for summary judgment, asserting that there was no genuine issue as to any material fact and that she was entitled to judgment as a matter of law. On April 25, 1994, the district court sustained Caroline Goc's motion for summary judgment and dismissed the case.

## ASSIGNMENT OF ERROR

The Mahlins assign that the trial court erred in sustaining Caroline Goc's motion for summary judgment because issues of material fact exist.

## STANDARD OF REVIEW

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Zion Wheel Baptist Church v. Herzog, ante* p. 352, 543 N.W.2d 445 (1996); *John Markel Ford v. Auto-Owners Ins. Co., ante* p. 286, 543 N.W.2d 173 (1996); *Kocsis v. Harrison, ante* p. 274, 543 N.W.2d 164 (1996).

## ANALYSIS

The Mahlins allege that the vesting of Jerome Goc's interest in the joint tenancy property was a transfer pursuant to § 36–702. Section 36–702 defines "transfer" as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, and creation of a lien or other encumbrance."

The Mahlins contend that the definition of the term "transfer" found at § 36–702 encompasses the passing of Jerome Goc's one–half interest in the joint tenancy property to Caroline Goc upon his death. However, Caroline Goc denies that the extinguishment of Jerome Goc's interest in the property constituted a transfer. In particular, Caroline Goc argues that under the common–law rules governing joint tenancy, no interest is transferred to the surviving joint tenant when another joint tenant dies.

In order for us to determine that the extinguishment of Jerome Goc's interest in the property was a transfer, we must conclude that he "dispos[ed] of or part[ed] with" his interest in the property. We first examine the common–law rules on the operation of joint tenancy upon death. In his treatise on property law, Cornelius J. Moynihan explains:

> The most important characteristic of a joint tenancy is the right of survivorship or *jus accrescendi*. On the death of one of the joint tenants his interest does not descend to his heirs or pass under his will; the entire ownership remains in the surviving joint tenants. The interest of the deceased joint tenant disappears and the whole estate continues in the surviving tenants or tenant.

Cornelius J. Moynihan, Introduction to the Law of Real Property, ch. 10, § 3 at 220 (1962).

At common law, an interest held in joint tenancy is considered "per my et per tout"—by the half and by the whole—which means that each joint tenant owns the whole of the property from the time at which the interest is created. See *Hein v. W. T. Rawleigh Co.*, 167 Neb. 176, 92 N.W.2d 185 (1958). See, also, *Jindra v. Clayton*, 247 Neb. 597, 529 N.W.2d 523 (1995). The survivor's interest attaches by means of the original conveyance, not by transfer from the decedent. 4A Richard R. Powell, The Law of Real Property ¶ 617[3] (1996). The original conveyances of the property to Jerome and Caroline Goc took place in 1968, 1972, 1982, and 1989—long before any potential claim of the Mahlins arose. Under the common law, Jerome Goc's interest in the property held in joint tenancy was extinguished at the time of his death, but Caroline Goc's interest did not change: she remained the owner of the whole of the property. Thus, if common–law principles apply to this case, Caroline Goc must prevail.

We note that the Legislature has previously modified the effect of death on the operation of common–law joint tenancy in order to protect creditors. A statute passed in 1955 subjected joint tenancy property to the debts of a deceased joint tenant under certain limited circumstances. See Neb. Rev. Stat. § 30–624 (Cum. Supp. 1955). However, this statute was repealed by the Legislature when it adopted the Nebraska Probate Code, which became operative in 1977.

The question which remains is whether § 36–702 supersedes the common–law rules on the rights of creditors to reach property formerly held in joint tenancy. We have previously held that statutes which effect a change in the common law or take away a common–law right should be strictly construed, and a

construction which restricts or removes a common–law right should not be adopted unless the plain words of the act compel it. *Paulsen v. Courtney*, 202 Neb. 791, 277 N.W.2d 233 (1979); *Bishop v. Bockoven, Inc.*, 199 Neb. 613, 260 N.W.2d 488 (1977). See, also, *Mason v. Schumacher*, 231 Neb. 929, 439 N.W.2d 61 (1989). In light of the fact of the prior, repealed statute subjecting a surviving joint tenant to the debts of the deceased tenant, the Legislature's failure to explicitly indicate its intent to alter the common–law rights of joint tenants is instructive.

While the Legislature has defined transfer as "every mode . . . of disposing of or parting with . . . an interest in an asset," nothing in this statutory language indicates a legislative intent to abrogate the operation of joint tenancy upon death. Therefore, we are compelled to find that the definition of "transfer" in § 36–702 does not include the extinguishment of Jerome Goc's interest in the property.

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Zion Wheel Baptist Church v. Herzog, ante* p. 352, 543 N.W.2d 445 (1996); *John Markel Ford v. Auto–Owners Ins. Co., ante* p. 286, 543 N.W.2d 173 (1996); *Kocsis v. Harrison, ante* p. 274, 543 N.W.2d 164 (1996).

We conclude that summary judgment was proper. Because no transfer occurs at the time of a joint tenant's death, we determine that under the facts of this case, the Uniform Fraudulent Transfer Act's definition of "transfer" does not apply. As we conclude that no transfer occurred, no genuine issues of material fact remain in this appeal, and Caroline Goc is entitled to judgment as a matter of law.

## CONCLUSION

The definition of "transfer" found in § 36–702 does not apply to the facts of this case; therefore, Caroline Goc was entitled to judgment as a matter of law, and summary judgment was proper.

AFFIRMED.