STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, V. CYNTHIA S. MAHLIN, RESPONDENT.

568 N.W.2d 214

Filed August 8, 1997.   No. S-96-715.

WHITE, C.J., CAPORALE, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

PER CURIAM.

Cynthia S. Mahlin was admitted to the practice of law in the State of Nebraska on September 19, 1983. This action arises from four formal charges filed herein.

On April 11, 1995, Mahlin was convicted of third degree assault, in violation of Neb. Rev. Stat. § 28-310 (Reissue 1995), a Class I misdemeanor. The conviction stemmed from an incident in which Mahlin struck a credit representative from Lincoln Electric System who had gone to Mahlin's home to

disconnect the electric service unless the arrears were immediately paid.

Pursuant to an amended application for temporary suspension, this court entered an order for Mahlin to show cause why her license to practice law in this state should not be temporarily suspended. We ordered Mahlin suspended from the practice of law, effective July 2, 1996, until further order of the court.

Formal charges were filed by the Committee on Inquiry of the First Disciplinary District of the Nebraska State Bar Association on October 23, 1996. The committee charged that Mahlin's acts which resulted in the above conviction were violations of Canon 1, DR 1-102, of the Code of Professional Responsibility, which provides as follows:

> DR 1-102 Misconduct.
>
> (A) A lawyer shall not:
>
> (1) Violate a Disciplinary Rule.
>
> . . . .
>
> (6) Engage in any other conduct that adversely reflects on his or her fitness to practice law.

On November 4, 1996, the Nebraska State Bar Association, by and through its Special Counsel for Discipline, filed three additional formal charges pursuant to Neb. Ct. R. of Discipline 10(F) (rev. 1996).

The first additional formal charge states that upon being suspended, Mahlin failed to comply with Neb. Ct. R. of Discipline 16 (rev. 1996). Rule 16 requires a member suspended from the practice of law to notify the member's clients and opposing counsel, in writing, of such suspension and to file an affidavit with the court stating full compliance with the requirements of rule 16. No evidence in the file of the Clerk of the Supreme Court indicates that Mahlin complied with rule 16 as a result of her suspension on July 2, 1996. The charge states that the foregoing acts were a violation of the following provisions of DR 1-102:

> (A) A lawyer shall not:
>
> (1) Violate a Disciplinary Rule.
>
> . . . .
>
> (5) Engage in conduct that is prejudicial to the administration of justice.

(6) Engage in any other conduct that adversely reflects on his or her fitness to practice law.

The second additional formal charge states that Mahlin called and left three harassing and threatening messages on the answering machine at the home of Dennis G. Carlson, Counsel for Discipline of the Nebraska State Bar Association, also in violation of DR 1-102(A)(1), (5), and (6).

The third additional formal charge relates to a federal lawsuit filed by Mahlin and her husband against the city attorney of Lincoln, Nebraska; the city of Lincoln; and 24 other defendants. On September 13, 1995, U.S. District Judge Richard G. Kopf dismissed the action and imposed sanctions against the Mahlins, including a warning not to again violate Fed. R. Civ. P. 11 by filing and maintaining frivolous lawsuits. The charge states that the Mahlins nevertheless maintained the action against the city attorney and the city of Lincoln. The action was again dismissed on May 15, 1996. This charge states that the aforesaid harassing and frivolous litigation or procedures maintained by Mahlin constituted violations of her oath of office as an attorney; DR 1-102(A)(1), (5), and (6); and Canon 7, DR 7-102, of the Code of Professional Responsibility, which states in relevant part:

DR 7-102  Representing a Client Within the Bounds of the Law.

(A) In his or her representation of a client, a lawyer shall not:

(1) File a suit, assert a position, conduct a defense, delay a trial, or take other action on behalf of a client when the lawyer knows or when it is obvious that such action would serve merely to harass or maliciously injure another.

(2) Knowingly advance a claim or defense that is unwarranted under existing law, except that the lawyer may advance such claim or defense if it can be supported by good faith argument for an extension, modification, or reversal of existing law.

Mahlin did not file an answer to the formal charges stated above. The Nebraska State Bar Association subsequently moved for judgment on the pleadings pursuant to Neb. Ct. R. of

Discipline 10(I) (rev. 1996), requesting that this court impose an appropriate disciplinary sanction. We served Mahlin with an order to show cause as to why judgment on the pleadings should not be entered, and Mahlin did not respond.

We point out that the failure of a respondent to answer to the formal charges subjects the respondent to a judgment on the formal charges filed. Pursuant to rule 10(I), if no answer is filed within the time limited therefor, or if the answer raises no issue of fact or of law, the matter may be disposed of by the court on its own motion or on a motion for judgment on the pleadings. Under Neb. Ct. R. of Discipline 10(H) (rev. 1996), the respondent has 30 days from the date of receipt of the formal charges to file an answer. We determine that the requirements of rule 10(I) have been satisfied. Therefore, we grant the Nebraska State Bar Association's motion for judgment on the pleadings.

We next proceed to determine the extent to which discipline should be imposed. To determine whether and to what extent discipline should be imposed in an attorney disciplinary proceeding, it is necessary that the following factors be considered: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law. *State ex rel. NSBA v. Malcom, ante* p. 263, 561 N.W.2d 237 (1997); *State ex rel. NSBA v. Zakrzewski, ante* p. 40, 560 N.W.2d 150 (1997).

Each case justifying discipline of an attorney must be evaluated individually in light of the particular facts and circumstances. See, *State ex rel. NSBA v. Bruckner*, 249 Neb. 361, 543 N.W.2d 451 (1996); *State ex rel. NSBA v. Gleason*, 248 Neb. 1003, 540 N.W.2d 359 (1995). Here, none of Mahlin's acts constituted a crime of moral turpitude or involved the misappropriation of client funds. An act of moral turpitude by an attorney is an act that is contrary to honesty and good morals. *State ex rel. NSBA v. Caskey*, 251 Neb. 882, 560 N.W.2d 414 (1997). The offenses with which Mahlin has been charged are related solely to her personal life and did not cause injury to any client. See *State ex rel. NSBA v. Gleason, supra*. In addition, the actions taken by Mahlin occurred on the heels of a particularly tragic

event in which she was severely injured while representing a client in a personal property dispute. See, *Mahlin v. Goc, ante* p. 238, 561 N.W.2d 220 (1997); *Mahlin v. Goc,* 249 Neb. 951, 547 N.W.2d 129 (1996). While this event in no way exonerates Mahlin for her subsequent actions as an attorney, it constitutes a mitigating factor for purposes of this disciplinary proceeding.

Nevertheless, Mahlin's misconduct and her failure to respond to the charges against her indicate that Mahlin's ability to practice law at a responsible and adequate level of fitness has been significantly undermined. Particularly troubling is Mahlin's failure to respond to the charges. See *State ex rel. NSBA v. Johnson,* 249 Neb. 563, 544 N.W.2d 803 (1996).

In addition, Mahlin was ordered to comply with rule 16, which required her to notify her clients and opposing counsel, in writing, of her suspension and to file an affidavit of compliance with the court within 30 days of the order of suspension. Mahlin has not complied with this rule. We have held that the failure to comply with rule 16 places one in contempt of this court and constitutes an aggravating circumstance. See *State ex rel. NSBA v. Brown,* 251 Neb. 815, 560 N.W.2d 123 (1997).

Each of the six factors that we consider in determining whether and to what extent discipline should be imposed weighs against Mahlin. Therefore, we find that an appropriate level of discipline is a suspension from the practice of law, effective immediately, for an additional period of 3 years from and after the date on which Mahlin complies with the provisions of rule 16.

JUDGMENT OF SUSPENSION.

WRIGHT, J., not participating.