REQUESTED BY: Senator Ray Aguilar District No. 35
You have asked whether a security guard is required to arrest someone who has committed a crime. Neb. Rev. Stat. § 29-401 allows that "Every sheriff, deputy sheriff, marshal, deputy marshal, security guard, police officer, or peace officer as defined in subdivision (15) of section 49-801 shall arrest and detain. . . ." If read strictly, the wording of Neb. Rev. Stat. § 29-401 appears to give security guards the power of arrest. However, such a literal interpretation is inconsistent with Nebraska statutes and case law. Therefore, Neb. Rev. Stat. § 29-401 should not be interpreted to convey powers of arrest, whether obligatory or voluntary, upon security guards. Neb. Rev. Stat. § 29-401 should instead be read with the understanding that security guards "could" have the power of arrest if such power was specifically granted to security guards by the State Legislature.
The origin of Neb. Rev. Stat. § 29-401 can be traced back to the Nebraska General Statutes of 1873, c. 58, § 283, p. 789. In 1873, the statute read that "Every sheriff, deputy sheriff, constable, marshal, or deputy marshal, watchman, or police officer shall arrest and detain any person found violating any law of this state, or any legal ordinance of any city or incorporated village, until a legal warrant can be obtained." While watchman is defined as someone who is assigned to watch or guard, it is unclear why the term was included in the original statute.
The language of the original 1873 statute was basically the same until 1967, when Law Bill 864 included the national guard to the list of those who had powers of arrest. All of the amendments to the statute since have involved the juvenile portion of the statute, which requires officers to notify the parents of juveniles when they are arrested. In 1994, Law Bill 451, which also dealt with the juvenile portion of the statute, changed the term "watchman" to "security guard". No explanation for this change is found within the Law Bill, committee records, or floor debate. What occurred, more than likely, is that the word watchman was replaced with the more modern term of security guard without consideration of why the language was included in the statute to begin with. There is nothing to indicate that the Legislature has ever consciously delegated arrest power to security guards.
Because legislative history does not indicate why "security guard" was included in Neb. Rev. Stat. § 29-401, one must not assume that security guards have independent authority to arrest simply because the statute says so. In order to interpret the statute and determine if security guards have power to arrest, it is necessary to consider other sources of Nebraska law.
It is interesting to note that every individual listed in Neb. Rev. Stat. § 29-401 as well as those individuals defined as a "peace officer" according to Neb. Rev. Stat. § 49-801(15), with the exception of security guards, have been given the power of arrest in other Nebraska statutes. For example, the power of arrest is given to police officers in every jurisdiction in Nebraska, making it clear that a police officer has the power of arrest. Neb. Rev. Stat. § 14-606
provides that police officers in cities of the metropolitan class have the power of arrest. Neb. Rev. Stat. § 15-326 gives marshals, chiefs of police, and their officers the power to arrest in cities of the primary class. Neb. Rev. Stat. § 16-323 gives the chiefs of police and their officers the power to arrest in cities of the first class. Neb. Rev. Stat. § 17-118 gives police officers of second class cities and villages the power to arrest.
Other statutes give the power of arrest specifically to those named as "peace officers." Neb. Rev. Stat. § 23-1701.02 states that it is the duty of every sheriff to arrest violators of the law. Neb. Rev. Stat. § 23-1811 allows a county coroner to order the arrest of an individual. Neb. Rev. Stat. § 28-109(14) states that peace officer shall mean any officer or employee of the state or a political subdivision authorized by law to make arrests, and shall include members of the National Guard on active service by direction of the Governor during periods of emergency or civil disorder. Neb. Rev. Stat. §81-2005 gives the power of arrest to members of the Nebraska State Patrol. Neb. Rev. Stat. § 50-108 authorizes a jailer to arrest and detain an individual under certain circumstances.
While Neb. Rev. Stat. § 81-1373 does not apply to Neb. Rev. Stat. § 29-401, it is a key example in which the Legislature contrasted those with the power to arrest and those without the power to arrest. Neb. Rev. Stat. § 81-1373(1), a part of the State Employees Collective Bargaining Act, defines in relevant part:
 (f) Protective Service, which unit is composed of institutional security personnel, including correctional officers, building security guards, and similar classes;
 (g) Law Enforcement, which unit is composed of employees holding powers of arrest, including Nebraska State Patrol officers and sergeants, game wardens, fire marshal personnel, and similar classes. Sergeants, investigators, and patrol officers employed by the Nebraska State Patrol as authorized in § 81-2004 shall be presumed to have a community of interest with each other and shall be included in this bargaining unit notwithstanding any other provision of law which may allow for the contrary.
This statute clearly distinguishes between quasi law enforcement personnel who do not have the power to arrest, such as security guards, and law enforcement personnel who have the power to arrest. See White v. State, 248 Neb. 977, 540 N.W.2d 354 (1995) (Department of Correctional Services employees are not law enforcement officers with power to arrest).
As mentioned, all of these statutes show that everyone listed in Neb. Rev. Stat. § 29-401, including all peace officers, have somewhere in Nebraska statutes been given the power to arrest. No where in Nebraska statutes, with the exception of Neb. Rev. Stat. § 29-401, are security guards given the power to arrest based only upon their status as security guards.
Nebraska case law also recognizes that security guards do not have the same powers as other law enforcement personnel. In State v. Wilen,4 Neb. App. 132, 539 N.W.2d 650 (1995), a duly sworn law enforcement officer, who was in her full police uniform, was working in a secondary employment capacity as a security guard at a restaurant. While investigating a car accident, the officer was nearly run over by Wilen's vehicle. Wilen was subsequently charged with attempted second degree assault on a police officer. At issue in the case was whether or not the officer was acting as a police officer when the incident occurred. While the district court found that the State presented "no evidence to support" the fact that Officer Whitney, who is a peace officer, was engaged in her official duties at the time of the incident, the Nebraska Court of Appeals reversed, holding that an official uniform implies an official status, and a defendant will be charged with knowledge of the uniformed officer's official status where circumstances warrant. The court gratuitously reasoned that the public expects that a uniformed law enforcement officer has the power to enforce the law and to arrest where necessary, "powers which a private security guard generally does not possess." Id. (emphasis added).
In Bishop v. Bockoven, 199 Neb. 613, 260 N.W.2d 488 (1977), a supermarket customer brought action against the owner of the supermarket and the independent contractor, which supplied security services for the supermarket, to recover damages for false arrest pertaining to an incident wherein the security guard asked the customer to return to the supermarket and her packages were inspected. The Nebraska Supreme Court held that neither the independent contractor, which provided security services for the supermarket, nor the security guard employed by the contractor and assigned to the supermarket were a "peace officer, or a merchant's employee" within the statute providing in effect that "A peace officer, a merchant, or a merchant's employee," who has probable cause for believing that goods have been unlawfully taken and that he can recover them by taking the person into custody, may take him into custody and detain him without being rendered liable for slander, libel, false arrest, false imprisonment or unlawful detention. Specifically, the Court held that under § 29-402.01, R.R.S. 1943, the words "a merchant's employee" do not include a merchant's agent who is not an employee. Simply because the individuals were security guards did not give them powers of arrest.
Despite the wording of Neb. Rev. Stat. § 29-401, Wilen, Bishop, and Nebraska statutes indicate that security guards do not have the same powers as peace officers or law enforcement officers, namely, the power of arrest. There are only two instances in which security guards currently have the power to arrest under Nebraska law. Security guards, like all other private citizens, have the power to arrest as given by Neb. Rev. Stat. § 29-402, where a felony or a petit larceny has been committed in their presence. Security guards who are employees of merchants also have the power to arrest and detain an individual suspected of shoplifting under Neb. Rev. Stat. § 29-402.01.
Sincerely,
 DON STENBERG Attorney General
 George R. Love Assistant Attorney General
Approved:
_________________________________ Attorney General