STEVEN J. WENDT, APPELLANT, V. CAVALIER INSURANCE
CORPORATION, APPELLEE.
250 N. W. 2d 243

Filed February 9, 1977.  No. 40790.

A. James McArthur, for appellant.

Richard D. Myers of Thompson, Crounse & Pieper, for
appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH,
McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

The issue on this appeal is whether the plaintiff, an
insured under a motor vehicle liability policy, is en-
titled to recover, under the provisions of section 44-
359, R. R. S. 1943, a fee for the services of his attorney
in his action against the insurer for breach of its duty
to defend a claim against the defendant.

There is no bill of exceptions in this case.  The issue
was decided in the court below upon the pleadings and
there is presented to us only a question of law.

In his petition plaintiff pled a cause of action for

wrongful refusal of the defendant-insurer to perform its duties under the liability policy in that, among other things, it wrongfully denied liability coverage upon an insured motor vehicle and refused to handle a liability claim against the insured; and that, as a consequence, he was required to, and did, negotiate a settlement of the claim and did pay $905.40 in settlement of the claim. In this action plaintiff prayed for damages in the amount of $905.40, together with attorney's fees and costs of the action.

The transcript shows that the defendant first filed a general denial and after certain discovery proceedings were pursued by the plaintiff the defendant on March 22, 1976, made a written tender of $905.40 and all court costs to date. Four days later defendant amended its tender in writing and offered the sum of $905.40 plus interest of $85.14 and all court costs to date. Before the tender was filed the plaintiff had filed a motion for attorney's fees. A journal entry made after the amended tender was filed shows that the parties appeared by counsel and "Plaintiff accepts tender without prejudice to plaintiff's claim for attorney's fees." On the same day the court entered an order finding that the amended tender was for the full amount prayed for with interest and costs, "leaving only the matter of determination of the propriety and amount, if any, of attorney fees to be allowed to plaintiff." It ordered that the tender be accepted and disbursed by the clerk "without prejudice to plaintiff's motion for attorney's fees . . . ." Thereafter the court denied the motion for attorney's fees because plaintiff had failed to obtain a judgment for more than was offered by the defendant.

Section 44-359, R. R. S. 1943, provides, and for a long time has provided, that in all cases where any person entitled thereto brings an action on an insurance policy, the court, upon rendering judgment against the insurer, shall allow the plaintiff a reasonable attorney's

fee as part of the costs. The statute also provides for attorney's fee on appeal. In 1971, section 44-359, R. R. S. 1943, was amended and, with other changes not necessary to note here, the following proviso was added: "Provided, that if the plaintiff shall fail to obtain judgment for more than may have been offered by such company, person or association in accordance with section 25-901, then the plaintiff shall not recover the attorney's fee provided by this section." Section 25-901, R. R. S. 1943, mentioned in the proviso, pertains to offer of a judgment before trial and provides that in an action for money judgment the defendant may at any time before trial offer in writing to allow judgment to be taken for a specified amount and if accepted "the offer and acceptance shall be noted in the journal, and judgment shall be rendered accordingly." It also provides that if the plaintiff fails to obtain judgment for more than the amount offered, he shall pay defendant's costs from the time of the offer.

The plaintiff asks this court to interpret section 44-359, R. R. S. 1943, so as to provide that reasonable attorney's fees incurred by plaintiff prior to the tender be charged as part of the costs in any event. He argues that the legislative history of the 1971 amendment indicates that at that time the Legislature intended to enlarge the circumstances under which attorney's fees were to be paid.

The difficulty with the plaintiff's position is that the statute is unambiguous. "A statute is not be be read as if open to construction as a matter of course. . . . Where the words of a statute are plain, direct, and unambiguous, no interpretation is needed to ascertain the meaning. . . . It is not within the province of a court to read a meaning into a statute that is not warranted by the legislative language. Neither is it within the province of a court to read anything plain, direct, and unambiguous out of a statute." City of Scottsbluff v. Tiemann, 185 Neb. 256, 175 N. W. 2d 74. The

proviso clearly incorporates the offer or tender provision of section 25-901, R. R. S. 1943. It clearly provides that if the offer is made and judgment is not obtained for more than the amount offered, the plaintiff shall not recover the attorney's fees provided for in the preceding part of section 44-359, R. R. S. 1943.

The transcript establishes that the plaintiff did not recover judgment for more than the offer. The District Court properly denied the motion. We note in passing that the attorney's fee here sought is not an attorney's fee incurred in the course of defending a claim which would properly become part of the damages recoverable in an action such as this, 14 Couch on Insurance (2d Ed.), §§ 51:57, 51:51, 51:153, but is the fee incurred in an action on the policy.

AFFIRMED.