Argued and submitted December 21, 1984, affirmed on appeal; cross-appeal dismissed as moot April 16, reconsideration denied June 6, petition for review denied September 3, 1986 (301 Or 666)

BECKER et al,
*Respondents - Cross-Respondents,*

*v.*

DeLEONE,
*Appellant,*

*v.*

HERITAGE INSURANCE COMPANY OF AMERICA,
*Respondent - Cross-Appellant.*

(8695; CA A32318)

717 P2d 1185

Lawrence W. Erwin, Bend, argued the cause and filed the briefs for appellant.

Mildred J. Carmack, Portland, argued the cause for respondent - cross-appellant. With her on the brief were J. Stephen Werts and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Paul J. Speck, Bend, waived appearance for respondent - cross-respondent Richard D. Becker.

Gordon W. Stewart, Madras, waived appearance for respondent - cross-respondent Madras Builders Center, Inc.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Plaintiff Becker, dba High Chaparral Construction, (plaintiff),[1] a general contractor, brought this action against defendant DeLeone for sums due on a contract for construction of a commercial building. DeLeone counterclaimed, alleging that plaintiff had breached the contract and seeking damages for plaintiff's failure to build the building in a workmanlike manner. DeLeone also filed a third party claim against Heritage Insurance Company (Heritage), which had provided a performance bond covering the construction project. The jury returned separate verdicts, one in favor of plaintiff and against DeLeone for $7,807.55 and one in favor of DeLeone and against plaintiff and Heritage for $2,000. The trial court entered judgment in favor of plaintiff against DeLeone for $5,807.44 and in favor of Heritage for its costs and disbursements. In a separate order, it awarded plaintiff and Heritage costs in the amount of $513.50 and $36.40, respectively. No judgment was entered in favor of DeLeone. DeLeone appeals, contending that the trial court erred in awarding costs to plaintiff and Heritage and in failing to award him costs and attorney fees from both of them. Heritage cross-appeals, claiming that the judgment should have awarded it costs and attorney fees against plaintiff pursuant to a stipulation made before trial. The trial court entered a supplemental judgment awarding Heritage costs, disbursements and attorney fees from plaintiff after the notice of appeal was filed. No appeal was taken from the supplemental judgment.

The trial court awarded costs to plaintiff and Heritage pursuant to ORCP 68B, which authorizes awards of costs to prevailing parties in any action, unless otherwise provided by rule or statute. ORCP 68. DeLeone's position on appeal is that the awards were in error, because any such award between him and plaintiff and between him and Heritage are controlled by ORCP 54E and ORS 743.114 respectively and that under those statutes he is entitled to costs and attorney fees.

We first address DeLeone's contention that he

---

[1] Madras Builders Center, Inc., is not a party to the appeal or the cross-appeal.

should have been awarded costs, including attorney fees, against Heritage. ORS 743.114 provides:

> "If settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon. If the action is brought upon the bond of a contractor or subcontractor executed and delivered as provided in ORS 279.029 or 701.430 and the plaintiff's recovery does not exceed the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed and allowed to the defendant as part of the costs of the action and any appeal thereon. If in an action brought upon such a bond the surety is allowed attorney fees and costs and the contractor or subcontractor has incurred expenses for attorney fees and costs in defending the action, the attorney fees and costs allowed the surety shall be applied first to reimbursing the contractor or subcontractor for such expenses."

It is not disputed that Heritage made no tender in this litigation. DeLeone argues that it therefore follows that, because the jury returned a verdict for $2,000 on his counterclaim against plaintiff and Heritage, his recovery exceeded any tender, even though the jury by separate verdict awarded plaintiff the greater sum of $7,807.55.

Although DeLeone's logic is somewhat persuasive, we conclude that, to secure attorney fees under ORS 743.114, an insured must recover a money judgment against the insurer. Although it appears from the verdicts that a judgment for DeLeone could have been entered, the judgment entered reflects only a recovery in favor of plaintiff against DeLeone in the sum of $5,807.55. There is no indication in the record that DeLeone objected to the form of the judgment, and he does not assign it as error on appeal. Accordingly, we find no basis for an award to DeLeone under ORS 743.114. *Cf. Travelers Insurance Co. v. Plummer,* 278 Or 387, 563 P2d 1218 (1977) (insurer claiming $888.26 for funds advanced moved to amend pleadings to accept defendant insured's tender of

$592.18, but trial court at defendant's request entered judgment against insurer for disputed difference of $296.08, defendant was entitled to attorney fees under ORS 743.114).

We next consider DeLeone's contention that under ORCP 54E he is entitled to costs and attorney fees from plaintiff. ORCP 54E provides:

> "Except as provided in ORS 17.065 through 17.085, the party against whom a claim is asserted may, at any time up to 10 days prior to trial, serve upon the party asserting the claim an offer to allow judgment to be given against the party making the offer for the sum, or the property, or to the effect therein specified. If the party asserting the claim accepts the offer, the party asserting the claim or such party's attorney shall endorse such acceptance thereon, and file the same with the clerk before trial, and within three days from the time it was served upon such party asserting the claim; and thereupon judgment shall be given accordingly, as a stipulated judgment. Unless agreed upon otherwise by the parties, costs, disbursements, and attorney fees shall be entered in addition as part of such judgment as provided in Rule 68. If the offer is not accepted and filed within the time prescribed, it shall be deemed withdrawn, and shall not be given in evidence on the trial; and if the party asserting the claim fails to obtain a more favorable judgment, the party asserting the claim shall not recover costs, disbursements, and attorney fees incurred after the date of the offer, but the party against whom the claim was asserted shall recover of the party asserting the claim costs and disbursements from the time of the service of the offer."

DeLeone asserts that in June, 1981, before this action was commenced, he mailed $6,562.50 to plaintiff as an offer of settlement of the construction contract dispute. He argues that, because the judgment entered for plaintiff is only $5,807.55, plaintiff did not obtain a more favorable judgment than that offer. Therefore, he argues, ORCP 54E prevents plaintiff from recovering costs, disbursements or attorney fees incurred after the June, 1981, offer, and, instead, he should have been awarded costs, disbursements and attorney fees from plaintiff.

■ We conclude, however, that DeLeone has not met the threshold requirements for an award of costs and disbursements against plaintiff. The rule contemplates an *offer to allow judgment* to be taken against the offeror. *See Rose v. Goodrich,* 65 Or App 655, 658, 672 P2d 65 (1983). DeLeone concedes that

he did not offer to allow judgment against him for the proffered sum but urges that in recognition of the purpose of the rule—to encourage settlements—we should give equivalent effect to informal settlements. We decline the invitation to expand the scope of ORCP 54E judicially and conclude that it is inapplicable to this action. The trial court did not err in failing to award DeLeone costs and disbursements and attorney fees under ORCP 54E.

The judgment entered did not recite all of the various awards the court intended to order. Most notably, although the jury returned a verdict for $2,000 in favor of DeLeone, he obtained no judgment in this action against Heritage. As between them, Heritage was the prevailing party. Plaintiff secured judgment against DeLeone and, as between them, was the prevailing party. We affirm the trial court's award of costs to plaintiff and Heritage as prevailing parties pursuant to ORCP 68B.

■    Heritage cross-appeals for its costs and attorney fees against plaintiff. Heritage and plaintiff had entered into a pretrial stipulation in which plaintiff consented to entry of judgment against him in favor of Heritage for costs and attorney fees incurred by Heritage in its defense of this action. The initial judgment entered on February 17, 1984, made no mention of Heritage's right to judgment against plaintiff; however, after the notice of appeal and cross-appeal from that judgment were filed, the trial court entered the supplemental judgment awarding Heritage its costs and attorney fees. Heritage asks us to determine whether the trial court had jurisdiction to enter the supplemental judgment and, if not, to remand for entry of judgment in accordance with the stipulation.

We conclude that the supplemental judgment is jurisdictionally valid. Under ORS 19.033(1), a trial court retains jurisdiction to award attorney fees and costs and disbursements after a notice of appeal is filed. *See Litvin v. Engesether,* 67 Or App 240, 244 n 1, 678 P2d 1232 (1984); *Hulsey and Hulsey,* 66 Or App 762, 765 n 2, 675 P2d 1131 (1984). Because the trial court had jurisdiction to enter the supplemental judgment, we dismiss Heritage's cross-appeal as moot.

Affirmed on appeal; cross-appeal dismissed as moot.