JENNIE L. YOUNG AND THOMAS J. YOUNG, WIFE AND HUSBAND, APPELLANTS, V. MIDWEST FAMILY MUTUAL INSURANCE COMPANY, APPELLEE.

722 N.W.2d 13

Filed September 29, 2006.   No. S-05-540.

Thomas J. Young for appellants.

William E. Gast and Gene M. Eckel, of Gast & McClellan, for appellee.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

Under Neb. Rev. Stat. § 44-359 (Reissue 2004), a prevailing plaintiff can recover attorney fees against an insurance company. But under Neb. Rev. Stat. § 25-901 (Reissue 1995), an insurance company can shield itself from an award of attorney fees if it makes an offer to allow judgment and the plaintiff later fails to recover more than the amount offered. Midwest Family Mutual Insurance Company (Midwest) made written settlement offers to Jennie L. Young and Thomas J. Young, but not offers to allow judgment. This appeal requires us to decide whether under

§ 25-901, a written settlement offer is equivalent to an offer to allow judgment. The district court denied the Youngs attorney fees because it determined that Midwest's settlement offers complied with the statute. We reverse, because a written settlement offer is not the same as an offer to allow judgment. Because Midwest did not comply with § 25-901, the Youngs have the opportunity to pursue attorney fees.

## BACKGROUND

Midwest issued a homeowner's insurance policy to the Youngs. In April 2001, the Youngs' home sustained hail damage. Although the parties differed greatly as to the damage, Midwest estimated damages of $790 and issued a check to the Youngs for $561.02 ($790 less a deductible). The Youngs, however, claimed damages of $27,500.

After the Youngs sued Midwest for breach of contract, Midwest sent the Youngs several letters offering to settle the dispute. The first offer was termed as "an offer of $22,000 in full settlement of this claim"; the second was a "settlement offer in the amount of $2,000.00, in consideration for a complete and final release"; the third was "an offer in the amount of $3,000, in lieu of going back to trial"; and the fourth was a "final offer of settlement to [the Youngs] in the amount of $9,000." The Youngs refused all of the settlement offers, and the case proceeded to trial. A jury returned a $940 verdict for the Youngs.

The Youngs moved for attorney fees under § 44-359. The district court denied their request stating that § 25-901 precluded an award of attorney fees because the Youngs failed to obtain a judgment for more than the offers made by Midwest.

## ASSIGNMENTS OF ERROR

On appeal, the Youngs assign that the district court erred in (1) determining that Midwest made any offers to allow judgment to be taken against it, (2) determining that the settlement offers complied with § 25-901, and (3) failing to award attorney fees to the Youngs.

## STANDARD OF REVIEW

When an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent,

correct conclusion irrespective of the determination made by the court below. *Genthon v. Kratville*, 270 Neb. 74, 701 N.W.2d 334 (2005).

## ANALYSIS

The Youngs contend that the settlement offers made by Midwest are not offers to allow judgment as required by the language of § 25-901 and thus did not preclude an award of attorney fees under § 44-359.

Section 44-359 provides that when judgment is entered against an insurance company, the court

> shall allow the plaintiff a reasonable sum as an attorney's fee . . . except that if the plaintiff fails to obtain judgment for more than may have been offered by such company, person, or association in accordance with section 25-901, then the plaintiff shall not recover the attorney's fee provided by this section.

Section 25-901 provides, in pertinent part:

> The defendant in an action for the recovery of money only, may, at any time before the trial, serve upon the plaintiff, or his attorney, an offer in writing to allow judgment to be taken against him for the sum specified therein. If the plaintiff accepts the offer and gives notice thereof to the defendant or his attorney, within five days after the offer was served, the offer, and an affidavit that the notice of acceptance was delivered in the time limited, may be filed by the plaintiff, or the defendant may file the acceptance, with a copy of the offer verified by affidavit; and, in either case, the offer and acceptance shall be noted in the journal, and judgment shall be rendered accordingly.

■ Read together, these statutes prohibit an award of attorney fees to a plaintiff, in a suit against the plaintiff's insurer, who rejects an offer of judgment and later fails to recover more than the amount offered. See *Wendt v. Cavalier Ins. Corp.*, 197 Neb. 622, 250 N.W.2d 243 (1977). For this rule to apply, however, there must be an "offer in writing to allow *judgment.*" (Emphasis supplied.) § 25-901.

We have not previously considered whether an offer to settle is equivalent to the offer to allow judgment contemplated by § 25-901. But courts in other jurisdictions interpreting similar

statutes have held that they are distinguishable. See, *Haberkorn v. Chrysler Corp.*, 210 Mich. App. 354, 533 N.W.2d 373 (1995); *B & H Const. v. Tallahassee Com. College*, 542 So. 2d 382 (Fla. App. 1989); *Becker v. DeLeone*, 78 Or. App. 530, 717 P.2d 1185 (1986).

In *Haberkorn*, the Michigan Court of Appeals held that an offer to settle did not fall within the scope of a similar Michigan rule permitting a party to offer " 'to stipulate to the entry of a judgment in a sum certain.' " *Haberkorn v. Chrysler Corp.*, 210 Mich. App. at 379, 533 N.W.2d at 386, quoting Mich. R. Civ. P. 2.405(A)(1). There, the defendant had made an offer of settlement using language similar to the offers at issue here. Most notably, the offer did not contain any language explicitly permitting judgment against the defendant. It stated that it was a " 'new settlement offer in the above-entitled case, in the amount of $500,000.00.' " *Haberkorn v. Chrysler Corp.*, 210 Mich. App. at 378, 533 N.W.2d at 386.

The Michigan court determined that this offer clearly did not fall within the plain language of its rule which required an offer of judgment, not just an offer to settle. *Id.* The court distinguished offers to settle, stating:

> An offer of judgment is not the same as an offer to settle. An agreement to settle does not necessarily result in a judgment. Although it usually results in a stipulated order of dismissal with prejudice, such an order does not constitute an adjudication on the merits. It merely "signifies the final ending of a suit, not a final judgment on the controversy, but an end of that proceeding."

*Id.* at 378, 533 N.W.2d at 385.

Similarly, the Oregon Court of Appeals addressed whether an offer of settlement would satisfy Oregon's equivalent of § 25-901. *Becker v. DeLeone, supra.* Oregon's rule contains the nearly identical " 'offer to allow judgment' " language at issue here. *Id.* at 534, 717 P.2d at 1188, quoting Or. R. Civ. P. 54 E. The court declined to apply the rule to an informal settlement offer, reasoning that to do so would be to judicially expand the scope of the rule. *Id.*

Midwest cites *Wendt v. Cavalier Ins. Corp., supra*, for the proposition that a trial court may refuse to award fees regardless

whether an offer is phrased as one to settle or to allow judgment to be taken. In *Wendt*, however, the issue whether an offer to settle is the equivalent of an offer to allow judgment was not presented to the court. Instead, the question was whether the plaintiff could be awarded attorney fees when the judgment obtained was equal to, not greater than, the offer made by the defendant. Further, the offer in *Wendt* had actually been accepted, not rejected, by the plaintiff and the resulting judgment was based on that offer. *Wendt* is not persuasive.

Statutory language is to be given its plain and ordinary meaning. We will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. See *24th & Dodge Ltd. Part. v. Acceptance Ins. Co.*, 269 Neb. 31, 690 N.W.2d 769 (2005). Section 25-901 is clear—it applies to offers to allow judgment against a defendant, which, under the plain meaning of the statute, are not equivalent to settlement offers. Here, Midwest made several offers to settle. None of them, however, contained any language expressing a willingness to allow a judgment against it. For Midwest to take advantage of the protection of § 25-901, it must expressly comply with the requirement that an offer to allow judgment be made. This is particularly important when application of § 25-901 would result in the denial of fees that would otherwise be mandatory under § 44-359.

## CONCLUSION

The district court erred in applying § 25-901 to deny the Youngs' motion for attorney fees because Midwest did not offer to allow judgment to be taken against it. We reverse, and remand for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

HENDRY, C.J., not participating.