CRENSHAW, Judge.
American Family Mutual Insurance Company and American Standard Insurance Company (the Insurers) appeal the final order awarding $155,422 in attorney’s fees to Tammy Alvis, as personal representative of the estate of the deceased, Stephen Alvis, based on her claims for uninsured motorist (UM) insurance benefits. Because the statutory right to attorney’s fees is a substantive right and the sole basis for the fee claim was a Nebraska statute, we conclude that Nebraska law governs the award of attorney’s fees. And because the trial court erred by awarding fees unrelated to the issue of coverage and by applying a multiplier, we reverse and remand for further proceedings.

Background

In May 2006 in Nokomis, Florida, Nebraska resident Stephen Alvis was riding as a passenger in a multipurpose utility vehicle. He was thrown from the vehicle and died as a result of his injuries. Mrs. Alvis, as the personal representative of the deceased’s estate, sought to collect UM insurance coverage under policies issued in Nebraska by the Insurers. Counsel for Mrs. Alvis pursued the insurance coverage claims along with a separate tort claim.
The sole issue under the insurance claims was whether there was coverage under the UM policies in accordance with Nebraska law. Specifically, the narrow issue before the trial court was whether the multipurpose vehicle involved in the accident constituted a “motor vehicle” under the Nebraska policies. The parties stipulated to the coverage amount. In November 2008, the trial court entered a final summary judgment in favor of coverage for Mrs. Alvis under the UM provisions of the policies.
Following the final summary judgment, counsel for Mrs. Alvis filed a motion for attorney’s fees pursuant to section 44-359, Nebraska Revised Statutes (2008). At the hearing on the motion, Mrs. Alvis’s counsel sought $155,422 in fees based on 217.6 hours of work and a 2.5 multiplier. He claimed that he was unable to separate the work on issues relating to the tort claim from issues relating to the insurance coverage claims. Mrs. Alvis’s fee expert testified that he could not apportion the hours because the time spent on the insurance coverage claims and the tort claim was “inextricably intertwined,” and this inextricably intertwined time was recoverable under Florida law. Mrs. Alvis’s fee expert also testified that a 2.5 multiplier was appropriate.
Contrary to Mrs. Alvis’s position, the Insurers argued that Nebraska law governed entitlement to attorney’s fees and therefore Mrs. Alvis was entitled to fees related only to the coverage issue. The fee expert for the Insurers testified that 109 hours was a reasonable amount of time for Mrs. Alvis’s counsel to be involved in representing his client; of those 109 hours, *317 35.4 hours were spent litigating the coverage issue.
In its final judgment on Mrs. Alvis’s motion for attorney’s fees, the trial court awarded the full amount sought by Mrs. Alvis’s counsel, finding that the claims were “so inextricably intertwined” that an apportionment would be impracticable. The trial court also awarded a 2.5 multiplier. This appeal timely followed.

Analysis

As a preliminary matter, the parties disagree as to which law should apply to the award of attorney’s fees. We review a trial court’s choice of law determination de novo. McNamara v. McNamara, 40 So.3d 78, 80 (Fla. 5th DCA 2010). “Generally, when confronted by a choice of law problem, a court will apply foreign law when it deals with the substance of the case and will apply the forum’s law to matters of procedure.” Siegel v. Novak, 920 So.2d 89, 93 (Fla. 4th DCA 2006). “ ‘As the forum state in this case, Florida law determines whether [the issue of attorney’s fees] is substantive or procedural for choice of law purposes.’ ” Id. (quoting EDO Seidman, LLP v. British Car Auctions, Inc., 802 So.2d 366, 371 (Fla. 4th DCA 2001) (Gross, J., concurring)). Florida courts follow the “American Rule” that attorney’s fees may only be awarded pursuant to an entitling statute or agreement among the parties. Dade Cnty. v. Pena, 664 So.2d 959, 960 (Fla.1995). And contrary to Nebraska law, which treats an award of attorney’s fees as a procedural issue governed by the law of the forum,[1] the Florida Supreme Court has determined that the statutory right to attorney’s fees is a substantive right. Menen-dez v. Progressive Express Ins. Co., 35 So.3d 873, 878-79 (Fla.2010). Here, because the fee claim was based solely upon the Nebraska statute, we conclude that Nebraska law governs Mrs. Alvis’s substantive right to attorney’s fees.
We next conclude that the trial court erred as a matter of law in awarding fees unrelated to the coverage issue. Under Nebraska law, “[a]n attorney fee awarded under the provisions of § 44-359 must be solely and only for services actually rendered in the preparation and trial of the litigation on the policy in question.” Young v. Midwest Family Mut. Ins. Co., 276 Neb. 206, 753 N.W.2d 778, 783 (2008) (reversing portions of the attorney’s fee award that dealt with a separate tort claim not related to the insurance policy); see also Nat’l Am. Ins. Co. of Neb., Inc. v. Cont’l W. Ins. Co., 243 Neb. 766, 502 N.W.2d 817, 825-26 (1993) (noting that an award of fees not limited to the insurance policy in question constitutes an abuse of discretion); Hemenway v. MFA Life Ins. Co., 211 Neb. 193, 318 N.W.2d 70, 76 (1982) (reversing the portion of attorney’s fees awarded under section 44-359 that dealt with third-party claims unrelated to the policy at issue). Accordingly, the trial court’s award of fees for the “inextricably intertwined” tort claim was improper.
Additionally, the trial court erred in applying a multiplier because Nebraska law does not provide a basis for a multiplier under section 44-359. The Nebraska Supreme Court has noted that it “has never specifically approved the ‘lodestar multiplier’ approach to calculating court-ordered attorney fees.” Eicher v. Mid Am. *318 Fin. Inv. Corp., 270 Neb. 370, 702 N.W.2d 792, 806 (2005).[2]
Because the trial court misapplied Nebraska law by awarding fees unrelated to the issue of coverage and by applying a 2.5 multiplier, we reverse the award of attorney’s fees and the application of a multiplier. On remand, the trial court shall enter an award of attorney’s fees based on 35.4 hours — the amount of time that the Insurers’ fee expert testified was reasonable in litigating the coverage issue.
Reversed and remanded with instructions.
NORTHCUTT and VILLANTI, JJ., Concur.

. Neb. Nutrients, Inc. v. Shepherd, 261 Neb. 723, 626 N.W.2d 472, 517-18 (2001) (concluding that the trial court erred in applying the substantive law of Arizona in awarding attorney's fees because an award of attorney’s fees is a procedural issue to be governed by the forum state and there is no Nebraska statute authorizing an award for attorney's fees in an action on a contract).

. We note that even under Florida law, Mrs. Alvis is not entitled to a multiplier because she failed to demonstrate that she “had any difficulty obtaining competent counsel.” Progressive Express Ins. Co. v. Schultz, 948 So.2d 1027, 1030 (Fla. 5th DCA 2007) (describing factors to consider when applying a multiplier).