Argued and submitted June 4, affirmed October 22, 2014, petition for review allowed April 23, 2015 (357 Or 164)

TRIANGLE HOLDINGS, II, LLC,
an Oregon limited liability company,
*Plaintiff-Appellant,*

*v.*

STEWART TITLE GUARANTY COMPANY,
a foreign corporation,
*Defendant-Respondent.*

Multnomah County Circuit Court
110607932; A152602

337 P3d 1013

Paul G. Dodds argued the cause for appellant. With him on the briefs were Joseph M. Mabe and Brownstein Rask.

Jonathan M. Radmacher and McEwen Gisvold LLP filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

TOOKEY, J.

## TOOKEY, J.

Plaintiff, a private lender, appeals a supplemental judgment denying it attorney fees. Plaintiff's complaint alleged a claim for reimbursement from defendant, plaintiff's title insurer, for five construction liens that plaintiff had paid. Only two of the liens are relevant to plaintiff's appeal. During the litigation below, defendant paid, and plaintiff accepted, the amount plaintiff sought for those two liens, plus interest, and moved for summary judgment. The trial court concluded that defendant was entitled to summary judgment as to those two liens on the ground that plaintiff's claim was moot because defendant had paid plaintiff the amount it sought; accordingly, the court dismissed plaintiff's claim. Then the court denied plaintiff's request for attorney fees, concluding that plaintiff had obtained no "recovery" under ORS 742.061(1) because plaintiff had not obtained a money judgment against defendant.[1] Plaintiff contends that the court erred in denying its request for attorney fees on the ground that plaintiff did recover the amount plaintiff sought, albeit without entry of a judgment against defendant, because defendant's payment of the two liens constituted a "recovery" within the meaning of ORS 742.061(1). We affirm.

The relevant facts are undisputed. Plaintiff loaned $210,000 to a builder and received a trust deed to certain real property. It obtained a title insurance policy from defendant that insured against lack of priority of plaintiff's trust deed over construction liens on the property. In May 2010, plaintiff learned that several construction liens had been placed on the property. After notifying defendant of some of the liens, plaintiff paid the liens itself. It sought reimbursement from defendant, and, on May 10, 2011, defendant

---

[1] ORS 742.061(1) provides, as relevant:

"Except as otherwise provided in subsections (2) and (3) of this section, if settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."

Subsections (2) and (3) do not apply here.

agreed to reimburse plaintiff for the two liens relevant to this appeal. On June 6, 2011, plaintiff sent defendant documentation that defendant had requested before defendant would issue a check. On June 20, 2011, defendant sent a letter informing plaintiff that it had ordered a check and would forward it promptly. On June 21, 2011, plaintiff filed suit against defendant, seeking reimbursement for the two liens that defendant had agreed to pay as well as three others.

Subsequently, in March 2012, defendant paid plaintiff the amount plaintiff had sought for the two liens, plus interest. Plaintiff accepted the payment. The parties did not inform the court of any settlement. *See* ORCP 54 A, E (providing procedures for dismissal or entry of judgment after a settlement). Defendant then moved for summary judgment. As to the two liens, defendant contended that plaintiff's claim for reimbursement was moot because plaintiff had received the amount it sought. Plaintiff argued that, as to those liens, its claim was not moot because it was still entitled to attorney fees under ORS 742.061(1). After a hearing, the trial court agreed with defendant that plaintiff's claim was moot as to the two liens. The court also concluded that defendant was entitled to summary judgment as to the other three liens, which, as noted, are not at issue on appeal, and it entered a general judgment dismissing plaintiff's claim.

Then plaintiff sought attorney fees. It contended that, under ORS 742.061(1), it was entitled to fees incurred as to the two liens. That statute provides, with exceptions not relevant here, that

> "if settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."

Under that statute, when three requirements are met, a court must award attorney fees to an insured: First, there is no settlement within six months of the insured's filing of proof of loss with its insurer; second, someone brings

an action on the policy; and third, the insured's "recovery" exceeds the amount of any tender that the insurer made within the six-month period after the insured filed the proof of loss. *Dockins v. State Farm Ins. Co.*, 329 Or 20, 34, 985 P2d 796 (1999). The term "recovery" is not defined for purposes of ORS 742.061.

Below, plaintiff argued that it had satisfied the requirements of ORS 742.061(1) because defendant had not tendered the full amount of plaintiff's claim within six months of receiving plaintiff's proof of loss and plaintiff had recovered the full amount of its claim when defendant paid plaintiff. Thus, in plaintiff's view, its "recovery" exceeded any timely tender by defendant. In response, defendant argued that, under *McGraw v. Gwinner*, 282 Or 393, 578 P2d 1250 (1978), a "recovery," for purposes of ORS 742.061, is a money judgment, and plaintiff did not obtain a money judgment; rather, plaintiff's claims were dismissed with prejudice. Defendant sought an award of costs under ORCP 68, and plaintiff objected, contending that defendant was not a prevailing party.

The trial court, after considering the text of ORS 742.061(1), and looking to *McGraw* and other case law, held that "a recovery is a money judgment. [Plaintiff] did not have a money judgment; ergo, no recovery." Accordingly, it denied plaintiff's request for attorney fees. It granted defendant's request for costs and entered a supplemental judgment reflecting its decision.

Plaintiff appeals the supplemental judgment, assigning error only to the trial court's denial of its request for attorney fees. On appeal, plaintiff renews the arguments it made before the trial court. It contends that the Supreme Court's reasoning in *McGraw* did not resolve the issue presented here because *McGraw* involved a declaratory judgment action; thus, the insured in that case did not seek, or obtain, money damages. Here, plaintiff argues, it did seek money damages, and defendant ultimately paid money to plaintiff. Plaintiff contends that, if "recovery" means only a money judgment, an insurer can defeat the purpose of ORS 742.061(1) by waiting until just before—or even after—a verdict is rendered for the insured and then paying the full

amount that the insured seeks, causing the insured not to recover anything in a money judgment. Accordingly, in plaintiff's view, we should hold that an insured obtains a "recovery" "if it receives more from the insurer than the amount of the insurer's [timely] tender, whether by settlement or judgment." As it did in the trial court, defendant relies on *McGraw* for the proposition that a recovery is a money judgment.

We review the trial court's interpretation of ORS 742.061(1) for legal error. *Parks v. Farmers Ins. Co.*, 214 Or App 1, 6, 162 P3d 1088 (2007), *rev'd on other grounds*, 347 Or 374, 227 P3d 1127 (2009) ("[W]e review the court's ultimate conclusion [regarding entitlement to attorney fees under ORS 742.061] as a question of law."); *see also Morgan v. Goodsell*, 198 Or App 385, 390, 108 P3d 612 (2005) ("A party's entitlement to attorney fees is a question of law."). In interpreting statutes, we seek to discern the legislature's intention, first evaluating the statutory text and context as well as any useful legislative history. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). We may refer to dictionary definitions to assist us in determining the plain meaning of an undefined term, *id.* at 175, and, in "interpreting the words of a statute enacted many years ago, we may seek guidance from dictionaries that were in use at the time." *State v. Perry*, 336 Or 49, 53, 77 P3d 313 (2003). We also consider prior interpretations of a statute at the first stage of our analysis, *Liberty Northwest Ins. Corp., Inc. v. Watkins*, 347 Or 687, 692, 227 P3d 1134 (2010), and we are guided by the principle of *stare decisis* in our consideration of those prior interpretations, *Farmers Ins. Co. v. Mowry*, 350 Or 686, 697, 261 P3d 1 (2011).

The statute that is now ORS 742.061(1) was originally enacted in 1919. Or Laws 1919, ch 110, §§ 1, 2. It provided, as relevant:

> "Whenever any suit or action is brought in any of the courts of this state upon any policy of insurance of any kind or nature whatsoever, the plaintiff, in addition to the amount which he may recover, shall also be allowed and shall recover as part of said judgment such sum as the court or jury may adjudge to be reasonable as attorney's

fees in said suit or action; *** provided, *** that if a tender be made by a defendant in any such suit or action and the plaintiff's recovery shall not exceed the amount thereof, then no sum shall be recoverable as attorney's fees."

The relevant dictionary definition of "recovery" supports the trial court's conclusion that a "recovery" must be a money judgment. When the statute was enacted, "recovery" meant the same thing that it does today: "The obtaining in a suit at law of a right to something by a verdict, decree, or judgment of court, esp. by the final one deciding the issues involved[.]" *Webster's New Int'l Dictionary* 1785 (Reference History ed 1910); *see also Webster's Third New Int'l Dictionary* 1898 (unabridged ed 2002) (defining "recovery" as "the obtaining in a suit at law of a right to something by a verdict, decree, or judgment of court"); *Black's Law Dictionary* 1389 (9th ed 2009) (defining "recovery" as "[t]he obtainment of a right to something (esp. damages) by a judgment or decree"). Thus, the plain meaning of the statutory text suggests that a party obtains a "recovery" through a judgment.

The parties debate whether *McGraw* supports or undermines that understanding of the term "recovery." In *McGraw*, the plaintiff had obtained a judgment declaring that, in the event another party obtained a judgment against the plaintiff in the future, his insurer was obligated to pay the judgment up to the limits of the plaintiff's policy. 282 Or at 395. The trial court denied the plaintiff's request for attorney fees under *former* ORS 743.114 (1977),[2] a substantially identical predecessor of ORS 742.061. *McGraw*, 282 Or at 395. The plaintiff appealed. After reviewing its case law on the availability of attorney fees under the statute in declaratory judgment actions, the Supreme Court

_____

[2] At that time, *former* ORS 743.114 provided:

"If settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."

In 1989, *former* ORS 743.114 (1977) was renumbered as ORS 742.061.

quoted with approval its opinion in *Travelers Insurance Co. v. Plummer*, 278 Or 387, 391, 563 P2d 1218 (1977):

> "'[T]he claimant under an insurance policy is entitled to the statutory attorney fees if he establishes a claim for more than the tendered amount on his initiative, either as a plaintiff or as a defendant who emerges with a money "recovery" in his favor.'"

*McGraw*, 282 Or at 399-400. The court then reiterated that, in order to become entitled to fees under the statute, "the insured must recover a money judgment against the insurer; it is not sufficient that the insured establish coverage which may in turn lead to a subsequent recovery of money." *Id.* at 400. Because "the claim of the insured [had] not progressed to the stage where the insured [could] request and secure a money judgment against the insurer," the court affirmed the trial court's denial of attorney fees. *Id.*

We agree with plaintiff that *McGraw* does not conclusively answer the question whether, in a situation such as that presented by this case, an insured must obtain a judgment in order to have a "recovery" under ORS 742.061(1). As plaintiff notes, *McGraw* was decided in the context of a declaratory judgment action, and all of the cases it cites and discusses likewise involve declaratory judgments. Thus, pursuing plaintiff's line of reasoning, one could interpret the Supreme Court's statements regarding the necessity of a money judgment to indicate only that the possibility of a future entitlement to money from a defendant is not sufficient to trigger the operation of ORS 742.061(1); that is, a plaintiff must already have obtained money through a settlement or have the right to money through the force of a judgment. That could be consistent with plaintiff's view that a "recovery" could refer to either a judgment or a settlement.

Although *McGraw* did not conclusively answer the question whether a "recovery" can be something other than a money judgment, we subsequently answered the question in *Becker v. DeLeone*, 78 Or App 530, 717 P2d 1185 (1986). In that case, Becker sued DeLeone for the amount due on a contract for construction of a commercial building and DeLeone counterclaimed, contending that Becker had failed to build the building in a workmanlike manner. *Id.* at 532.

DeLeone also filed a third-party claim against Becker's insurer. *Id.* The jury returned a verdict in favor of Becker against DeLeone for approximately $8,000 and a verdict for DeLeone against Becker and the insurer for $2,000. *Id.* As relevant here, the trial court subtracted DeLeone's verdict from Becker's and entered a single judgment in favor of Becker against DeLeone for the difference, approximately $6,000. *Id.* It denied DeLeone's request for attorney fees.

DeLeone argued on appeal that, under a version of *former* ORS 743.114—which, as noted above, was a predecessor of ORS 742.061—he was entitled to attorney fees from the insurer. 78 Or App at 533. In DeLeone's view, because the insurer had made no tender and "the jury returned a verdict of $2,000 on his counterclaim against [Becker] and [the insurer], his recovery exceeded any tender[.]" *Id.*

We rejected that contention. We explained:

"[T]o secure attorney fees under [*former*] ORS 743.114, an insured *must recover a money judgment* against the insurer. Although it appears from the verdicts that a judgment for DeLeone could have been entered, the judgment entered reflects only a recovery in favor of [Becker] against DeLeone in the sum of [approximately $6,000]. There is no indication in the record that DeLeone objected to the form of the judgment, and he does not assign it as error on appeal. Accordingly, we find no basis for an award to DeLeone under [*former*] ORS 743.114."

*Id.* (emphasis added).

Thus, DeLeone obtained a jury verdict for $2,000, which exceeded the insurer's tender of $0. Nevertheless, because the judgment reflected only Becker's entitlement to approximately $6,000 from DeLeone, DeLeone did not have a "recovery" under the statute. Accordingly, *Becker* establishes, consistently with our reading of the statutory text, that a "recovery" requires a judgment; another type of entitlement to money—even a jury verdict—does not satisfy the statute.

Our holding in *Becker* defeats plaintiff's argument in this case. Defendant paid plaintiff the full amount of the two liens, which exceeded the amount of any timely tender. Nevertheless, because plaintiff did not obtain a judgment,

it did not have a "recovery" for purposes of ORS 742.061(1). *Becker*, 78 Or App at 533; *see also Certain Underwriters v. Mass. Bonding and Ins. Co.*, 245 Or App 101, 108, 260 P3d 830 (2011) (where Zidell had settled with the defendants, it was not entitled to attorney fees under ORS 742.061(1) because it did not obtain a recovery that exceeded the defendants' tenders; rather, "Zidell *accepted* defendants' highest tenders" (emphasis in original)); *Wick v. Viking Ins. Co.*, 105 Or App 33, 38, 803 P2d 1199 (1990) (where the trial court entered a judgment for the plaintiff and its rulings "resolved what damages were legally and contractually recoverable," the plaintiff had a "recovery" under ORS 742.061(1) notwithstanding that some factual findings were made through arbitration).

Nonetheless, plaintiff contends that *Dolan v. Continental Casualty Co.*, 133 Or 252, 289 P 1057 (1930), establishes that a "recovery" under ORS 742.061(1) can be construed more broadly and does not require a judgment. In *Dolan*, the plaintiff had obtained a $2,000 judgment against the defendant, her husband's life insurer, and the trial court had awarded her attorney fees under Oregon Laws 1920, title XXXVI, chapter I, section 6355, *amended by* Oregon Laws 1927, chapter 184, section 1, a provision practically identical to the original version of the statute, set out above, 266 Or App at 535. On appeal, the Supreme Court had set aside the judgment "because of an error committed by the court during the progress of the trial." *Dolan*, 133 Or at 254. On remand, the insurer tendered to the court the amount that the plaintiff sought, amended its answer to confess liability, and obtained judgment on the pleadings. *Id.* Then the insurer contended that it was not required to pay attorney fees to the plaintiff.

In a subsequent appeal, the Supreme Court held that the plaintiff was entitled to the attorney fees she had incurred to obtain the judgment that had been reversed on appeal. The court noted that the defendant had satisfied the "tender" requirement of the statute when, on remand, it tendered to the court the full amount the plaintiff sought; thus, the recovery by the plaintiff did not exceed the defendant's tender. Nevertheless, in light of the purpose of the statute—"to discourage expensive and lengthy litigation"

by requiring insurance companies "to pay reasonable attorneys' fees, where they have wrongfully defended an action to recover or refused to pay the loss within a reasonable time"—the court concluded that the plaintiff was entitled to attorney fees. *Id.* at 255-56. It explained that its holding applies where "a judgment [is] reversed, as occurred in the instant case, upon some technical error during the progress of the trial and defendant's tender will * * * defeat a recovery of attorneys' fees" and "largely destro[y]" "the benefit of the statute." *Id.* at 255-56.

Plaintiff asserts that *Dolan* controls here because there is no material difference between the *Dolan* defendant's tender to the court of the amount the plaintiff sought and defendant's direct payment to plaintiff here. We disagree. *Dolan* does not control here because this case does not implicate the concern that underlay the Supreme Court's holding, namely, that an insurer should not be able to defeat the insured's entitlement to attorney fees by making it impossible for the insured to obtain a judgment on a concededly meritorious claim. That is so because, here, unlike in *Dolan*, plaintiff had an opportunity to reject defendant's offer and negotiate further. For example, plaintiff could have agreed to dismiss its claim only in exchange for an amount that included attorney fees, or it could have insisted on entry of a stipulated judgment. In *Dolan*, the plaintiff had no ability to avoid the defendant obtaining judgment on the pleadings and dismissal of plaintiff's claim. Here, plaintiff had such an opportunity but did not pursue it.

Accordingly, we conclude that plaintiff had no "recovery" for purposes of ORS 742.061(1) because it did not obtain a judgment. For that reason, the trial court did not err in denying plaintiff's request for attorney fees.

Affirmed.